# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| DION MCNEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-1413 |
| ) | |
| MCLEAN COUNTY BOARD; MCLEAN ) | |
| COUNTY BOARD OF HEALTH; JUDY ) | |
| BUCHANAN, HANNAH EISNER, ) | |
| ALAN GINZBURG, SCOTT HUME, ) | |
| ROBERT KOHLHASE, SONJA REECE, ) | |
| CARLA POHL, RICHARD GINNETTI, ) | |
| CORY TELLO, SUSAN SCHAFER, ) | |
| CAMILLE RODRIGUEZ, JESSICA ) | |
| MCKNIGHT, and MICHELLE BUTLER, ) | |
| in their individual capacities; ) | |
| ) | |
| Defendants. ) | |

## ORDER & OPINION

This matter is before the Court on Defendants' Motion to Dismiss Count VII of Plaintiff's Second Amended Complaint. (Doc. 87). Plaintiff responded. (Doc. 88). This matter is ripe for review. For the following reasons, Defendants' Motion (doc. 87) is granted. In addition, in light of this Order and the alterations made in the Second Amended Complaint (doc. 86), Defendants' Motion to Dismiss Counts II, VI, and VII of the First Amended Complaint (doc. 81) is denied as moot.

### BACKGROUND

Plaintiff is a black male who was employed by McLean County and its Health Department as a communications specialist. (Doc. 86 ¶¶ 6, 24). In response to George

Floyd's murder, Plaintiff prepared a press release for the Health Department that recognized racism as a public health crisis. (Doc. 86 ¶ 28). Plaintiff claims he received verbal approval before publishing the press release on June 10, 2020. (Doc. 86 ¶ 37). The next day, Plaintiff was reprimanded and stripped of multiple responsibilities. (Doc. 86 ¶ 39). In response, on June 19, 2020, Plaintiff sent an eight-page letter to his superiors and news outlets explaining why his press release was justified and imploring the County and Health Department to fully reinstate his role. (Doc. 86 at 17–24). Plaintiff was placed on paid administrative leave and ultimately terminated on June 23, 2020. (Doc. 86 ¶¶ 42, 67).

Defendants now seek dismissal of Count VII of Plaintiff's Second Amended Complaint (Doc. 86) pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 87).

## LEGAL STANDARD

To survive dismissal pursuant to Rule 12(b)(6), the complaint must contain a short and plain statement of the Plaintiff's claim sufficient to plausibly demonstrate entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is not required to anticipate defenses or plead extensive facts or legal theories but must plead enough facts to present a story that holds together. *Twombly*, 550 U.S. at 570; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The Seventh Circuit has consistently noted that the essential function of Rule 8(a)(2) is to

put the defendant on notice. *Divane v. Nw. Univ.*, 953 F.3d 980, 987 (7th Cir. 2020) ("A complaint must 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" (quoting *Twombly*, 550 U.S. at 555)).

On review of a Rule 12(b)(6) motion, courts construe the complaint in the light most favorable to the plaintiff. *See United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (citing *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016)). This means "accept[ing] all of the well-pleaded facts as true and 'draw[ing] all reasonable inferences [from those facts] in favor of the plaintiff.'" *Id.* (quoting *Kubiak*, 810 F.3d at 480–81). The court "may reject sheer speculation, bald assertions, and unsupported conclusory statements." *Taha v. Int'l Bhd. of Teamsters, Loc.* 781, 947 F.3d 464, 469 (7th Cir. 2020). "'Naked assertions devoid of factual enhancement' [are] insufficient." *Dabbs v. Peoria Cnty. Ill.*, No. 1:16-cv-01463, 2017 WL 3574999, at *2 (C.D. Ill. Jan. 12, 2017) (quoting *Iqbal*, 556 U.S. at 678), *aff'd*, 690 F. App'x 416 (7th Cir. 2017).

## DISCUSSION

Count VII is a claim for First Amendment Retaliation brought under 42 U.S.C. § 1983. (Doc. 86 at 12). "[W]hen a plaintiff brings a Section 1983 claim for retaliation in violation of First Amendment rights in the employment context," a Court must first "decide whether the employee speech was constitutionally protected." *Volkman v. Ryker*, 736 F.3d 1084, 1089 (7th Cir. 2013). This threshold issue, "whether the employee's speech was constitutionally protected—is a question of law to be decided by the Court." *Id.*; *Messman v. Helmke*, 133 F.3d 1042, 1046 (7th Cir. 1998).

3

As a public employee, Plaintiff's speech is only protected by the First Amendment when Plaintiff is speaking as (1) a private citizen (2) on a matter of public concern. *Garcetti v. Ceballos,* 547 U.S. 410, 418 (2006) (citing *Pickering v. Bd. of Educ.*, 391 U.S. 563, 566 (1968)); *McArdle v. Peoria School District No. 150*, 705 F.3d 751, 754 (7th Cir. 2013). The first inquiry hinges on whether the statement "owes its existence to [the] public employee's professional responsibilities." *Garcetti*, 547 U.S. at 421. The second "must be determined by the content, form, and context of a given statement." *Connick v. Myers*, 461 U.S. 138, 147–48 (1983).

Here, two instances of Plaintiff's speech are at issue: his June 10 press release and his June 19 letter.

I.  **Plaintiff's June 10 Press Release**

"[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti*, 547 U.S. at 421. Plaintiff admits he made his June 10 press release on behalf of the McLean County Department of Health in his capacity as a Communications Specialist. (Doc. 86 ¶¶ 28–38). Thus, Count VII must be dismissed with respect to Plaintiff's June 10 press release.

II. **Plaintiff's June 19 Letter**

Plaintiff's June 19 Letter also falls outside the First Amendment's protections. Although it partially addresses a matter of public concern, its predominant purpose is a matter of private concern: the recovery of Plaintiff's prior work responsibilities. In addition, Plaintiff arguably wrote the letter as a public employee rather than a

4

private citizen, as it was signed "Dion McNeal, McLean County Communications Specialist, McLean County."

To determine whether a statement regards a matter of public concern, the Court must look to the "content, form, and context" of the statement. *Connick*, 461 U.S. at 147–48. There can be no doubt that Plaintiff's June 19 Letter addresses a matter of public concern—racism and the disparate treatment of Black Americans—at a time when millions of Americans protested the murder of George Floyd. However, only approximately one-and-half (1.5) pages of the seven-and-a-quarter (7.25) page letter addressed that matter of public concern; the vast majority of the letter regarded Plaintiff's personal concerns as an employee. (*See* Doc. 86 at 17–24). The letter was written in response to Plaintiff being stripped of job responsibilities for issuing the June 10 Press Release, addressed to the "Members of the McLean County Board [and] Board of Health," and signed "Dion McNeal, McLean County Communications Specialist, McLean County." (*See* Doc. 86 at 17, 24). When the speaker's motives are mixed, as they often are, the speech will not be found to raise a matter of public concern if "the overriding reason for the speech"—as determined by its content, form, and context—appears to have been related to the speaker's personal interests as an employee. *Hartman v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 4 F.3d 465, 471–72 (7th Cir. 1993). It is clear from the letter's content, form, and context that the overriding purpose for the letter concerned Plaintiff's job and regaining his full responsibilities. Consequently, the letter falls outside the First Amendment's protection.

In addition, Plaintiff's June 19 Letter also may have been made in Plaintiff's capacity as a public employee rather than as a private citizen. On one hand, the letter does not seem to owe its existence to Plaintiff's professional responsibilities, as it was far from a statement "commissioned or created" by McLean County. *Garcetti*, 547 U.S. at 422. On the other hand, the letter is clearly an employee grievance and was signed "Dion McNeal, McLean County Communications Specialist, McLean County." It becomes hard to say Plaintiff wrote the letter as a private citizen when he signed the letter in his official capacity as a public employee.

Regardless, the letter's predominant purpose concerns Plaintiff's job, which places the letter outside the First Amendment's protection. Thus, Count VII must be dismissed with respect to Plaintiff's June 19 Letter.

### PARTIAL MOTION TO DISMISS TOLLING

This Motion also raises the question of whether a partial motion to dismiss under Federal Rule of Civil Procedure 12(b) tolls a party's deadline to respond to a complaint. (Doc. 87 at 2 n.1).

District courts in this circuit have repeatedly held that it does. The Court agrees that "a partial motion to dismiss tolls the time within which a defendant must answer with respect to the claims not challenged in the motion." *Richter v. Corp. Fin. Assocs., LLC*, No. 1:06-cv-1623, 2007 U.S. Dist. LEXIS 29155, at *5 (S.D. Ind. Apr. 19, 2007) (citing *Oil Exp. Nat'l, Inc. v. D'Alessandro,* 173 F.R.D. 219, 220-21 (N.D. Ill. 1997); *Brocksopp Eng'g, Inc. v. Bach-Simpson Ltd.,* 136 F.R.D. 485, 486-87 (E.D. Wis.

6

1991)). It is the logical extension of the principle found in Federal Rule of Civil Procedure 12(a)(4)(A).

Yet this rule could allow a party to file partial Rule 12 motions one after another, abusing the tolling provision to buy extra time. That potential for abuse is mitigated by the fact that Rule 12(a)(4) is merely a default rule. The Court can alter a party's time to respond to a complaint in order to combat abuse. *See* Fed. R. Civ. P. 12(a)(4) ("Unless the court sets a different time, serving a motion under this rule alters these periods as follows: . . . .").

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count VII of Plaintiff's Second Amended Complaint (doc. 87) is GRANTED, and Defendants must respond to Plaintiff's Second Amended Complaint (doc. 86) within 14 days of this Order. Defendants' Motion to Dismiss Counts II, VI, and VII of the First Amended Complaint (doc. 81) is DENIED AS MOOT.

SO ORDERED.

Entered this 9th day of December 2021.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
